EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Saint Mary Investments, LLC<br><br>Peticionaria<br><br>v.<br><br>Wilfredo Denton Morales y otros<br><br>Parte Recurrida | 2026 TSPR 35<br><br>218 DPR \_\_\_ |

Número del Caso:  CC-2025-0181

Fecha:  9 de abril de 2026

Tribunal de Apelaciones:  Panel IV

Representantes legales de la parte peticionaria:

    Lcdo. Luis Enrique Romero Nieves
    Lcdo. Philippe O. Beauchamp-Oliveras

Representante legal de la parte recurrida:

    Lcdo. José Ramírez de Arellano

Materia: Procedimiento Civil – Evaluación de una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil no se extiende a un estándar de adjudicación de naturaleza probatoria, sino a examinar conjuntamente las alegaciones de la parte demandante.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Saint Mary Investments, LLC | | |
| Peticionaria | | |
| v. | CC-2025-0181 | |
| Wilfredo Denton Morales y otros | | |
| Recurridos | | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 9 de abril de 2026.

En esta instancia venimos llamados a justipreciar si los foros recurridos evaluaron las alegaciones de una Demanda resolviendo toda duda a favor del demandante, según exige nuestro ordenamiento procesal civil, al momento de disponer de una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil de 2009, *infra*, bajo el fundamento de que la reclamación no expone una reclamación que justifique la concesión de un remedio. Ello, tiene el fin de examinar si los tribunales inferiores entraron a ponderar cuestiones de prueba, en una etapa prematura de los procedimientos, y se alejaron del análisis requerido. Tras evaluar la presente controversia de conformidad con la normativa aplicable, aclaramos que al resolver una moción de

desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *infra*, el análisis de la validez de una reclamación no se extiende a un estándar de adjudicación de naturaleza probatoria, sino que exige que los tribunales interpreten conjuntamente las alegaciones de la parte demandante a la luz de la situación más favorable.

A continuación, exponemos los hechos que enmarcan la controversia ante nuestra consideración.

**I.**

El 3 de junio de 2024, Saint Mary Investments, LLC (Saint Mary o peticionaria) presentó una Demanda por incumplimiento contractual, solicitud de cumplimiento específico y daños contra el Sr. Wilfredo Denton Morales (señor Denton Morales), la Sra. Luz Dary Zayas Ortiz (señora Zayas Ortiz) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, parte recurrida).

En esencia, alegó que el 12 de abril de 2021 suscribió un Contrato de Opción de Compraventa (Contrato) con el señor Denton Morales y la señora Zayas Ortiz sobre dos (2) inmuebles ubicados en el Municipio de Cidra. La peticionaria incluyó copia del Contrato y afirmó que, como parte de las negociaciones, se pactó que tendría derecho a ejercer la opción en el término de un (1) año. Así, sostuvo que a la firma del Contrato pagó la suma de cincuenta mil dólares ($50,000) a la parte recurrida. Expresó que, con el fin de permitir que esta última atendiera diversos trámites para el correspondiente otorgamiento, las partes acordaron

extensiones al Contrato. Indicó que tales acuerdos preservaban su derecho de opción hasta tanto se subsanaran los elementos que impedían consumar la compraventa. También añadió que, con el consentimiento y aprobación de la parte recurrida, realizó obras de mejoras a las fincas por un valor mayor de doscientos mil dólares ($200,000).

En la Demanda, Saint Mary alegó que, durante el mes de abril de 2024, las partes iniciaron formalmente los trámites para acordar la fecha en la cual se otorgaría la correspondiente Escritura Pública. No obstante, por causas imputables a la parte recurrida, no se logró la celebración del negocio. Adujo que, posteriormente, las partes acordaron otorgar la Escritura de Compraventa el 21 de mayo de 2024. Sin embargo, ese mismo día, la parte recurrida, por conducto de su representación legal, manifestó que no otorgaría el instrumento público ni consumaría el negocio. En vista de ello, la peticionaria solicitó el cumplimiento específico del Contrato, daños en no menos de dos millones de dólares ($2,000,000), la cantidad correspondiente a las mejoras realizadas y honorarios de abogado.

Posteriormente, Saint Mary presentó una *Solicitud de Remedio Provisional* en la cual reiteró que las partes habían convenido extensiones al vínculo contractual y destacó que había advenido en conocimiento de que la parte recurrida pretendía traspasar los inmuebles a un tercero. A dicha solicitud anejó un documento intitulado *Addendum al Contrato de Opción de Compra* (*Addendum*), suscrito el 8 de septiembre

de 2023, mediante el cual el señor Denton Morales y Saint Mary extendieron los términos del Contrato original hasta el 1 de julio de 2024.

En consecuencia, la peticionaria solicitó al Tribunal de Primera Instancia que emitiera una Orden de Prohibición de Enajenar, sin necesidad de vista, notificación y fianza con relación a los dos (2) inmuebles que fueron objeto del Contrato de Opción de Compraventa. El Tribunal de Primera Instancia declaró Ha Lugar la solicitud y ordenó la correspondiente anotación preventiva en el Registro de la Propiedad.

Por su parte, el 20 de agosto de 2024, la parte recurrida presentó una *Moción en solicitud de desestimación bajo la Regla 10.2 o exposición más definida bajo la Regla 10.4*. En esta señaló, en extrema síntesis, que había caducado el derecho de adquisición preferente de Saint Mary debido a que el término pactado inicialmente para la vigencia del Contrato era de un (1) año, prorrogable por sesenta (60) días adicionales, y que dicho término venció el 12 de abril de 2022, sin que la peticionaria ejerciera su derecho. Por tanto, sostuvo que la Demanda dejaba de exponer una reclamación que justificara la concesión de un remedio. En la alternativa, adujo que la peticionaria debía realizar una exposición más definida respecto a ciertas alegaciones que, según indicó, eran ambiguas o insuficientes, particularmente, en torno a las fechas en las cuales las partes acordaron prorrogar el Contrato.

Saint Mary presentó su Oposición, en la cual argumentó que de la propia Demanda se desprendía con claridad que las partes habían otorgado extensiones al Contrato, por lo que el foro primario debía tomar como cierto que las partes acordaron prorrogar la vigencia del derecho de opción. Añadió que, en el expediente judicial, obraba el *Addendum* que afirmaba la ejecución de extensiones al Contrato. Además, explicó que, según alegado en la Demanda, en los meses de abril y mayo de 2024 las partes habían acordado fechas para otorgar la Escritura Pública de Compraventa por lo que era un contrasentido el planteamiento de la parte recurrida en cuanto a la expiración del término para la opción. Por ello, sostuvo que no procedía la desestimación ni la exposición más definida.

*A posteriori*, mediante Sentencia de 4 de octubre de 2024, el Tribunal de Primera Instancia desestimó con perjuicio la Demanda incoada. Razonó que, **"[d]e la Demanda ni del escrito en oposición a la desestimación, surge evidencia que sustente la alegación de que el [C]ontrato hubiese sido extendido** dentro del plazo concedido y por escrito".[1] (Negrillas suplidas). Así, determinó que el derecho de opción venció sin que Saint Mary lo ejerciera válidamente dentro del plazo acordado.

Inconforme, el 7 de noviembre de 2024, la peticionaria acudió ante el Tribunal de Apelaciones y sostuvo que el foro

---

[1] Apéndice del *certiorari*, pág. 64.

sentenciador erró al no tomar como ciertos los hechos alegados en la Demanda ni interpretarlos de la forma más liberal y favorable. Añadió que la etapa procesal en la que se encontraba el caso era compatible con la posibilidad de enmendar alegaciones. De este modo, señaló que incidió el Tribunal de Primera Instancia al conceder el remedio de desestimación toda vez que la Demanda era susceptible de ser enmendada.

Así las cosas, el foro apelativo intermedio emitió una Sentencia en la cual decidió confirmar la determinación del Tribunal de Primera Instancia. Según el tribunal, Saint Mary no cumplió con la Orden del foro primario a los fines de presentar una exposición más definida y concluyó que la causa de acción se extinguió al no existir prueba admisible que demostrara una extensión al Contrato.

Luego de que la peticionaria solicitara reconsideración, el Tribunal de Apelaciones dictó una Sentencia Enmendada el 26 de febrero de 2025, en la cual disipó su conclusión en cuanto a que el foro primario había ordenado presentar una exposición más definida de las alegaciones y que la peticionara había incumplido con tal señalamiento. Sin embargo, reiteró que la causa de acción de Saint Mary se extinguió "al **no existir prueba de que en efecto hubo una extensión** a los términos de la opción suscrita por las partes dentro del término provisto por el contrato".[2] (Negrillas suplidas).

---

[2] Apéndice del *certiorari*, pág. 136.

Insatisfecha con el revés judicial, la peticionaria acudió ante nos y señaló que el Tribunal de Apelaciones erró al desestimar la Demanda mediante la aplicación de un estándar de adjudicación que impone requisitos más rigurosos que los contemplados en nuestro ordenamiento y que, además, supedita el análisis de si una demanda establece una reclamación plausible que justifique la concesión de un remedio a la existencia de prueba que sostenga las aseveraciones formuladas en la alegación inicial. Así, solicita que revoquemos la Sentencia Enmendada dictada por el foro apelativo intermedio y ordenemos la continuación de los procedimientos ante el foro primario.

Contando con el beneficio de la comparecencia de las partes, y habiéndose expedido el auto de *certiorari*, procedemos a resolver sin ulterior trámite.

## II.

### A. Las alegaciones

El cuerpo de normas que regula nuestro ordenamiento procesal civil establece los principios que gobiernan la presentación de alegaciones ante los tribunales. En específico, la Regla 6.1 de Procedimiento Civil ilustra que una alegación que exponga una solicitud de remedio deberá contener: "(1) [u]na relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. […]". 32 LPRA Ap. V. Es por ello que, basta con que la parte demandante provea información preliminar sobre los hechos demostrativos ya que,

posteriormente, podrá ser ampliada como producto de los procedimientos del descubrimiento de prueba.[3] Bajo este esquema, no resulta necesario exponer detalladamente todos los hechos que dan base a la reclamación. *Informe de Reglas de Procedimiento Civil, Secretariado de la conferencia Judicial y Notarial*, marzo 2008, pág. 70.

En ese sentido, es norma reiterada que el propósito general de las alegaciones contenidas en una demanda es notificarle a la parte contraria, a grandes rasgos, cuáles son las reclamaciones en su contra de tal forma que pueda comparecer a defenderse si así lo desea. *Rivera, Lozada v. Universal*, 214 DPR 1007, 1021 (2024). Véanse, también, *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *León v. Rest. El Tropical*, 154 DPR 249, 262 (2001). Por lo tanto, en aras de permitirle a la parte demandada preparar su defensa, la demanda debe ofrecer un nivel mínimo de especificidad que permita identificar los actos imputados y el daño alegadamente causado. *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020). Véase, también, J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 1ra ed. rev., [s.l.], [ed. autor], 2012, pág. 86.

Cónsono con lo anterior, la Regla 6.5 de Procedimiento Civil dispone que "cada aseveración en una alegación será sencilla, concisa y directa. No se exigirán fórmulas técnicas para la redacción de las alegaciones o mociones.

---

[3] Véase J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3ra ed. rev., Bogotá, Ed. Nomos, 2023, pág. 92.

Todas las alegaciones se interpretarán con el propósito de hacer justicia". 32 LPRA Ap. V. Esto, pues el objetivo primordial de las alegaciones es advertir a la parte adversa sobre los hechos y las reclamaciones que se le plantean durante el trámite judicial. *León Torres v. Rivera Lebrón, supra*, pág. 40.

B. **Las mociones al amparo de la Regla 10 de Procedimiento Civil**

Expuestas las normas generales que rigen las alegaciones, corresponde entonces atender aquellas disposiciones que versan sobre los vehículos procesales que una parte puede presentar previo a la contestación de una demanda. Entre ellos, y en lo que atañe a la controversia ante nos, se encuentra la moción de desestimación y la moción para solicitar una exposición más definida de las alegaciones. Reglas 10.2 y 10.4 de Procedimiento Civil, *supra*.

En lo relativo a la moción de desestimación, esta procede cuando de las alegaciones de la demanda se desprende que "alguna defensa afirmativa derrotará la pretensión de la parte demandante". *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023). En específico, la Regla 10.2(5) de Procedimiento Civil, *supra*, permite que una parte contra quien se presentó una reclamación judicial solicite la desestimación bajo el fundamento de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio.

En el pasado hemos expresado reiteradamente que, al adjudicar una moción de desestimación al amparo de la precitada regla, los tribunales están obligados a considerar los hechos bien alegados en la demanda de la forma más favorable a la parte demandante e interpretar las alegaciones de forma conjunta y liberal. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 396. Véanse, también, *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Torres, Torres v. Torres et al.*, 179 DPR 481, 502 (2010); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). Ello, con el fin de ponderar si, "a la luz de la situación más favorable al demandante, y resolviendo las dudas a favor de este, la demanda es suficiente para constituir una reclamación válida". *González Méndez v. Acción Social et al.*, *supra*, pág. 235; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 429 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006).

En otros términos, el estándar de adjudicación de una moción de esta naturaleza comprende, como cuestión de umbral, la obligación de los tribunales de tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente. *Eagle Security v. Efrón Dorado et al.*, *supra*, pág. 84. En esa encomienda, el tribunal debe determinar si, a base de esos hechos aceptados como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Es decir, una reclamación válida. *Costas Elena y*

*otros v. Magic Sport y otros*, 213 DPR 523, 534 (2024) (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 307).

En ese contexto, para que una parte demandada prevalezca en su solicitud de desestimación debe establecer en ella, de forma certera, que el demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013). A tenor con lo anterior, corresponde conceder la desestimación cuando las alegaciones permiten concluir claramente que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio. *González Méndez v. Acción Social*, *supra*, pág. 235.

Asimismo, hemos expresado que no procede la desestimación de una demanda si esta es susceptible de ser enmendada. *Colón v. Lotería*, *supra*, pág. 649. A esos efectos, la Regla 13.1 de Procedimiento Civil, *supra*, permite a las partes en un pleito enmendar sus alegaciones para incluir cuestiones omitidas o clarificar reclamaciones previamente interpuestas. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 197 (2012). A su vez, dicha Regla contempla dos escenarios en los que se autoriza la presentación de enmiendas. En primer lugar, una parte podrá enmendar sus alegaciones, sin permiso

del tribunal, en cualquier momento antes de que se le haya notificado una alegación responsiva o, si se trata de una alegación que no admite alegación responsiva y el pleito no haya sido señalado para juicio, dentro de los veinte (20) días de haber notificado su alegación. 32 LPRA Ap. V. En segundo término, la Regla permite que las partes enmienden sus alegaciones en cualquier otra circunstancia, aunque condicionada a la autorización del tribunal o la anuencia de la parte contraria. 32 LPRA Ap. V.

Por otro lado, la Regla 10.4 de Procedimiento Civil dispone que:

> Si una alegación contra la cual se permita una alegación responsiva es tan vaga o ambigua que no sería razonable exigirle a una parte que formule una alegación responsiva, dicha parte podrá solicitar una exposición más definida antes de presentar su alegación responsiva […]. 32 LPRA Ap. V.

De una lectura de dicha disposición, surge que una parte, previo a someter su alegación responsiva, puede solicitar de forma específica y fundamentada, una mejor definición de las alegaciones de la Demanda cuando estas sean vagas o ambiguas, de manera que no sea razonable exigirle formular una contestación. Sin embargo, los tribunales deben resolver en contra de este tipo de solicitud cuando el procedimiento de descubrimiento de prueba puede subsanar la alegada vaguedad.[4] Igualmente, una moción para solicitar una exposición más definida es generalmente

---

[4] Véase J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3ra ed. rev., Bogotá, Ed. Nomos, 2023, pág. 141.

desfavorecida, ya que una demanda no tiene que alegar hechos probatorios ni detallados como parte de su reclamación, salvo las materias especiales a las que se hace referencia en la Regla 7 de Procedimiento Civil, *supra*. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da. ed., San Juan, Pubs. J.T.S., 2011, T.II, pág. 547.

### III.

El asunto medular ante nuestra consideración es determinar si el foro *a quo* incidió al confirmar el dictamen del Tribunal de Primera Instancia, mediante el cual se desestimó la Demanda presentada por la peticionaria porque de la alegación inicial y la oposición a la desestimación presuntamente no surgía prueba de que, en efecto, se acordó una extensión a los términos del Contrato suscrito entre las partes.

En su señalamiento de error, la peticionaria cuestiona el curso de acción adoptado por el foro recurrido y alega que el mismo utilizó un estándar de adjudicación que impone requisitos más rigurosos, que aquellos pautados en nuestro ordenamiento procesal civil al momento de radicar una alegación. Aduce que ambos foros sentenciadores, al enfrentarse a una moción de desestimación bajo la Regla 10.2(5) de Procedimiento Civil, *supra*, estaban llamados a tomar como ciertas todas las alegaciones contenidas en la Demanda, incluso el hecho de que las partes habían prorrogado la vigencia del Contrato. Asimismo, la peticionaria arguye

que el tribunal debió requerirle la presentación de una demanda enmendada. Le asiste la razón.

Tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones concluyeron que la causa de acción de Saint Mary se extinguió toda vez que no existía prueba admisible para probar que en efecto hubo una extensión a los términos de la opción suscrita.

No obstante, según señaláramos, al resolver una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, la determinación de si una Demanda establece una reclamación plausible que justifique la concesión de un remedio, no se extiende a considerar si existe prueba que sustente las aseveraciones de una demanda. Por el contrario, requiere auscultar si en la reclamación se alegaron hechos demostrativos suficientes que le permitan al Tribunal inferir razonablemente que la parte demandada debe responder por las actuaciones que se alegan fueron contrarias a derecho.

Al evaluar la Demanda de la peticionaria de la manera más liberal y favorable, y tomando como ciertos todos los hechos alegados correctamente en esta, nos es forzoso concluir que su reclamación podría justificar la concesión de un remedio, toda vez que correspondía que se tomara como cierto el hecho de que las partes otorgaron extensiones al vínculo contractual. En este caso, la peticionaria alegó que las partes suscribieron un Contrato el 12 de abril de 2021 mediante el cual se le concedió un derecho de opción sobre

determinados bienes, pactándose un término específico para su ejercicio. De las alegaciones consignadas en la Demanda se desprende, además, que este término fue posteriormente aplazado por acuerdo entre las partes con el fin de que se subsanaran algunos extremos que permitirían la consumación del negocio jurídico.[5] Así, en la reclamación se planteó concretamente que el vínculo contractual continuaba en pleno vigor al momento en el que la parte demandada se negó a perfeccionar el contrato de compraventa.

Si bien es cierto que las aseveraciones de la Demanda no contienen las fechas específicas en que las partes acordaron extender el Contrato de Opción de Compraventa, no es menos cierto que el *Addendum*, unido a la *Solicitud de Remedio Provisional* presentado por la peticionaria, refleja lo anterior.[6] En particular, de la Cláusula Segunda surge el pacto de extender todos los términos originalmente convenidos en el Contrato, fijando como nueva fecha de vencimiento el 1 de julio de 2024.[7] A ello se añade que el

---

[5] Específicamente, alegó que la opción no fue consumada ante las representaciones hechas por la parte recurrida a los efectos de que algunos elementos registrales en cuanto al tracto debían ser subsanados, así como extremos relacionados con la emisión del relevo que le correspondía al Departamento de Hacienda expedir.

[6] Apéndice del *Certiorari*, pág. 41.

[7] Al respecto, la Cláusula Segunda del *Addendum al Contrato de Opción de Compra (Enmienda para la extensión del término pactado y para atender ciertos extremos sobre cargas y gravámenes vinculados al inmueble)* establece que:

> Las partes pactan la extensión de todos los términos acordados en el Contrato de 12 de abril de 2021, para que resulten vencederos el 1ero de julio de 2024. Esta extensión aplica, inclusive al término pactado en la cláusula 1.4, sobre la realización de depósitos mensuales por la Segunda Parte (Saint Mary Investments, LLC). En ese contexto, la Segunda Parte (Saint Mary Investments, LLC), ejecutará los pagos en aquellos plazos que corresponda para la continuación de su obligación de pago, asumida en la cláusula

*Addendum* fue suscrito bajo juramento. En ese contexto, el referido documento abona a nuestra contención de que la desestimación del caso fue prematura. De igual forma, la existencia del acuerdo reafirma que, de haberse permitido la continuación del trámite ordinario, la peticionaria hubiese tenido la oportunidad de sustentar su reclamo con la prueba pertinente. El Tribunal de Apelaciones incidió al concluir lo contrario.

Así pues, resulta evidente que la decisión de los foros recurridos se apartó del estándar de adjudicación contemplado en nuestro ordenamiento procesal civil. El razonamiento de ambos tribunales exigió erradamente la acreditación de hechos con evidencia particular, lo que corresponde a etapas posteriores del litigio. Ratificar este proceder socavaría el propósito inherente de la Regla 6 de Procedimiento Civil, *supra*.

Por consiguiente, tomando en consideración que la presente controversia se encontraba apenas en la génesis del litigio, sin que hubiese iniciado el descubrimiento de prueba, ni se hubiese celebrado vista alguna, nos parece apropiado concluir que no procedía la desestimación de la Demanda. En cambio, en el caso de marras, lo procedente hubiese sido concederle un término a la peticionaria para que enmendara sus alegaciones y las ajustara a los acontecimientos que surgen del propio expediente.

---

1.4, hasta el 1ero de julio de 2024. Apéndice del *Certiorari*, pág. 41.

En cuanto a esto, debemos destacar que incluso la propia parte recurrida solicitó, como remedio alternativo, una exposición más definida de algunas alegaciones de la Demanda, a tenor con la Regla 10.4 de Procedimiento Civil, *supra*. Ello, con el fin de identificar las alegadas extensiones al Contrato que aduce la peticionaria en su reclamo. No obstante, nada expresó el Tribunal de Primera Instancia en cuanto a la referida solicitud.

Examinadas plenamente las presentes circunstancias, concluimos que el foro apelativo intermedio erró al confirmar el dictamen que desestimó la reclamación de Saint Mary. Con nuestro proceder, permitimos que los reclamos de la peticionaria se ventilen en los méritos. Dicho curso de acción resulta el más adecuado en atención a que el litigio se encuentra en sus etapas iniciales y que al interpretar las alegaciones de Saint Mary, según el estándar exigido en esta etapa de los procedimientos, esta tiene derecho a que no se le descarten.

## IV.

Por los fundamentos antes expuestos, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al foro primario para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Se dictará Sentencia en conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Saint Mary Investments, LLC<br><br>    Peticionaria<br><br>        v.<br><br>Wilfredo Denton Morales y otros<br><br>    Recurridos | CC-2025-0181 | |

SENTENCIA

En San Juan, Puerto Rico, a 9 de abril de 2026.

Por los fundamentos expuestos en la Opinión que antecede, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al foro primario para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo