Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| NUMED MEDICAL SERVICES LLC<br><br>Demandante - Apelante<br><br>v.<br><br>STEPHANIE GUARDIOLA<br><br>Demandada - Apelada | TA2026AP00302 | Apelación procedente del Tribunal de Primera Instancia, Sala de Vega Baja<br><br>Civil núm.: VB2025CV00764 (201)<br><br>Sobre:<br>Cobro de Dinero Regla 60 |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2026.

El Tribunal de Primera Instancia ("TPI") desestimó una acción, sobre cobro e incumplimiento de contrato, instada por un patrono contra una exempleada. Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI, pues se trata de una acción que debió ser presentada como una reconvención compulsoria en la acción federal presentada por la exempleada contra el patrono a raíz de su despido.

I.

En septiembre de 2025, Numed Medical Services LLC ("Numed" o el "Patrono") presentó la acción de referencia, sobre cobro de dinero (la "Demanda"[1]), contra la Sa. Stephanie Guardiola Navedo (la "Empleada").

El Patrono alegó que le sufragó a la Empleada, durante la vigencia de su empleo, una certificación de *Laser Specialist*. Indicó que, según lo acordado en abril de 2023, la Empleada debía continuar trabajando para el Patrono por un término de tres años

---

[1] Entrada [1] *Demanda*, Sistema Unificado de manejo y Administración de Casos ("SUMAC").

contados a partir de la obtención de la certificación. Planteó que, como la Empleada cesó sus funciones antes de dicho término (octubre de 2023), **por causas no atribuibles a Numed**[2], esta venía obligada, bajo los términos acordados, a devolver la totalidad del dinero invertido en la certificación, más un 5 % por concepto de gastos administrativos. El Patrono reclamó que la Empleada le adeuda $8,847.78.

A finales de noviembre, la Empleada solicitó la desestimación de la Demanda ("la Moción")[3]. Acreditó que, desde noviembre de 2024 (casi un año antes de presentada la Demanda), esta había presentado una acción (la "Acción Federal") ante la Corte de Distrito de los Estados Unidos (la "Corte Federal"), a través de la cual reclamó que su despido era injustificado y que ella había sido objeto de hostigamiento sexual en el empleo. Arguyó, en esencia, que la reclamación del Patrono debió traerse en la Acción Federal como reconvención compulsoria bajo la Regla 13 de las Reglas Federales de Procedimiento Civil. Sostuvo que, al no haber presentado su reclamación en la Acción Federal, el Patrono renunció a la misma.

El 31 de enero de 2026, el Patrono se opuso a la Moción[4]. Arguyó que su reclamación no debía considerarse como una reconvención compulsoria bajo la Regla 13 de las Reglas Federales de Procedimiento Civil[5], pues la misma se deriva de un acuerdo contractual de reembolso que no se relaciona con la controversia laboral objeto de la Acción Federal.

Mediante una Sentencia notificada el 23 de febrero (la "Sentencia"[6]) el TPI desestimó la Demanda. Razonó que la Acción

---

[2] El Patrono alegó despidió a la Empleada porque ésta accedió fraudulenta e ilegalmente expedientes médicos, removiendo documentación obrante en los mismos.

[3] Entrada 12, *Solicitud de Orden,* SUMAC.

[4] Entrada 20, *Moción en Oposición a escrito Intitulado "Solicitud de Orden"*, SUMAC.

[5] Según la precitada regla, una parte en su contestación a demanda debe levantar todas aquellas reclamaciones que surjan de una misma transacción, u ocurrencia, que está sujeta al asunto reclamado por la parte opositora.

[6] Entrada [22] *Sentencia,* SUMAC.

Federal era de mayor antigüedad; 2) la transacción u ocurrencia dilucidada en el foro federal es la que motiva la causa de acción presentada ante el TPI, por lo cual la reclamación objeto de la Demanda constituye una reconvención compulsoria en dicho foro; 3) la actuación del Patrono, de acudir al TPI con su acción en cobro e incumplimiento de contrato, constituyó *forum shopping*; y 4) resolver la Demanda implicaría un fraccionamiento indebido de causas.

Inconforme, el 24 de marzo, Numed presentó el recurso de apelación que nos ocupa; formula los siguientes señalamientos de error:

> Erró el TPI al concluir que la reclamación de cobro de dinero constituía un indebido fraccionamiento de causa ("claim splitting") y una reconvención compulsoria en el pleito federal, as[í] como al determinar la existencia de forum shopping, sin realizar el análisis comparativo requerido bajo el "transactional test" ni reconocer que se trata de una causa de acción contractual independiente, basada en hechos, prueba y remedios distintos a los ventilados en el foro federal.

> Erró el TPI al desestimar con perjuicio la causa de acción presentada, a pesar de que su propia determinación descansó en una supuesta abstención o deferencia al foro federal, lo que, en derecho, solo podía dar lugar —en todo caso— a una desestimación sin perjuicio y no a una adjudicación final en los méritos.

La Empleada presentó su alegato en oposición.  Resolvemos.

II.

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el promovente, sin celebrar un juicio en su fondo o en los méritos.  S.*L.G. Sierra v. Rodríguez,* 163 DPR 738, 745 (2005); R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil,* Quinta Edición, San Juan, Michie de Puerto Rico, 2010, pág. 369.  Existen varios supuestos en los cuales una parte puede solicitar la desestimación de una acción en su contra antes de presentar la contestación a la demanda. R. Hernández Colón, *op. cit.,* págs. 266-267.

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, establece varios supuestos en los cuales una parte puede solicitar la desestimación de una acción en su contra antes de presentar la contestación a la demanda. *Aut. Tierras v. Moren & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); véase, además, *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005). En lo pertinente a la acción de referencia, la Regla 10.2 de las de Procedimiento Civil, supra, dispone lo siguiente:

> [t]oda defensa de hechos o de derecho contra una reclamación en cualquier alegación... se expondrá en la alegación respondiente que se haga a las mismas, en caso de que se requiera dicha alegación respondiente, excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada:
> (1) falta de jurisdicción sobre la materia;
> ...
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio.

A los fines de disponer de una moción de desestimación, el tribunal está obligado a tomar por "ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente". *Saint Mary Investments, LLC v. Denton Morales*, 2026 TSPR 35 (Citando a *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84(2023). Esto obedece a que el demandante no viene obligado a realizar alegaciones minuciosas y técnicamente perfectas, sino que se le permite limitarse a bosquejar a grandes rasgos su reclamación, mediante una exposición sucinta y sencilla de los hechos. Véase *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001); *Dorante v. Wrangler de P.R.*, 145 DPR 408, 413 (1998). De igual forma, el análisis del TPI, en cuanto a si existe una reclamación plausible que justifique la concesión de un remedio, no se extiende a considerar la existencia de prueba que sustente las aseveraciones de la demanda. *Saint Mary Investments, LLC v. Denton Morales*, supra.

De esta forma, procederá una moción de desestimación al amparo de la precitada Regla 10.2 (1) si, tomando por cierto todo lo alegado por el promovente, surge que el TPI no tiene jurisdicción para atender el reclamo. *Colón Rivera v. ELA,* 189 DPR 1033, 149 (2013). Por su parte, al atender una solicitud de desestimación bajo la Regla 10.2 (5), debe evaluarse si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera,* et al., 184 DPR 407, 423 (2012); *Colón v. San Patricio Corp.,* 81 DPR 242, 266 (1959); *Rosario v. Toyota,* 166 DPR 1, 7 (2005); *Pressure Vessels v. Empire Gas,* 137 DPR 497, 505 (1994).

En cualquier caso, la demanda no se desestimará a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *Rosario,* 166 DPR a la pág. 8; *Pressure Vessels,* 137 DPR a la pág. 505; *Colón Rivera v. ELA,* supra.

Por otro lado, la Regla 39.2 de las de Procedimiento Civil establece algunas de las modalidades de desestimación que existen en el ordenamiento jurídico. Regla 39. 2 de las de Procedimiento Civil (32 LPRA Ap. V, R. 39.2). Entre estas: 1) la desestimación como sanción; 2) la desestimación por inactividad; y 3) la desestimación por *non suit.* A su vez la Regla categóricamente expresa que:

> [a] menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos. Regla 39.2 de Procedimiento Civil, supra. Véase *VS PR, LLC v. Drift-Wind, Inc.* 207 DPR 253, 266-267 (2021).

### III.

Las Reglas de Procedimiento Civil de Puerto Rico están dirigidas a procurar una solución justa, rápida y económica de los procedimientos. Véase Regla 1 de las de Procedimiento Civil (32 LPRA Ap. V, R.1). Los tribunales deben ser guardianes de su jurisdicción y también evitar una innecesaria multiplicidad de acciones. Véase *Consejo de Titulares v. Gómez Estremera*, 184 DPR 407,434 (2012).

Por esta razón, cuando se presenta una demanda, la parte demandada tiene que instar, a forma de reconvención compulsoria, cualquier reclamación que tenga:

> […]al momento de notificar dicha alegación, siempre que surja del acto, de la omisión o del evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. (Énfasis nuestro). Regla 11.1 de Procedimiento Civil (32 LPRA Ap. V, R. 11.1).

Es así como de la precitada regla surge la obligación de las partes de notificar una reconvención compulsoria al momento de realizar una alegación respondiente.

La norma es que, en nuestra jurisdicción, una reconvención es compulsoria cuando: 1) existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; 2) los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto; 3) las cuestiones de hecho y de derecho son las mismas; 4) la doctrina de *res judicata* impide una acción independiente; y 5) ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente. Véase *Consejo de Titulares v. Gómez Estremera*, 184 DPR a las págs. 424-425 citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: derecho procesal civil, 4ta* ed., San Juan, Ed. LexisNexis de Puerto Rico, 2007, pág. 218.

El efecto de no formular a tiempo una reconvención compulsoria es la renuncia de la causa de acción. Véase *Consejo Titulares v. Gómez Estremera*, 184 DPR a la pág. 425. Asimismo, quedarán adjudicados los hechos y reclamaciones sin que se pueda presentar posteriormente una acción que surja de los mismos eventos. Íd. Por lo cual, será de aplicación por analogía la figura de cosa juzgada a aquellos asuntos que pudieron haber sido planteados y no lo fueron. Íd., citando a *Sastre v. Cabrera*, 75 DPR 1, 3 (1953).

En la jurisdicción federal, la Regla 13 de las Reglas Federales de Procedimiento Civil gobierna lo relacionado con una reconvención compulsoria; la misma establece que:

> [...] A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
> (2) Exceptions. The pleader need not state the claim if:
> (A) when the action was commenced, the claim was the subject of another pending action; or
> (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule. Fed. R. Civ. P. 13(a).

De esta manera:

> [a]counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. **Indeed the doctrine of res judicata compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently**. (Énfasis nuestro). *Xerox Corp. v. SCM Corp.*, 576 F 2d 1057,1059 (1978) citando a *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961).

La Regla 13(a) tiene como propósito promover que se resuelvan en una acción todos los reclamos que surjan de un evento entre las

partes adversas y así evitar la multiplicidad de pleitos y la duplicación de esfuerzos. *U.S. v. Eastport S. S. Corp.*, 255 F.2d 795, 805 (1958); véase, además, R. Haig *Business and Commercial Litigation in Federal Courts 5th 2 Bus. & Com. Litig. Fed. Cts. § 22:39 (5th ed. 2025).*

Sobre el alcance de los términos de transacción y ocurrencia en este contexto, se ha resuelto que:

> [i]t seems apt to say that the words 'transaction' and 'occurrence' as used in Rule 13(a) **include the facts and circumstances out of which a cause of action may arise**; (cita omitida). The words 'transaction' and 'occurrence' probably mean, whatever may be done by one person which affects another's rights and out of which a cause of action may arise. (Énfasis nuestro). *William v. Robinson,* 1 FRD 211, 213 (1st Cir.1940).

Al respecto, las cortes han establecido un número de estándares que permiten distinguir la naturaleza compulsoria o permisiva del reclamo. Los estándares son los siguientes:

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
2) Would res judicata (claim preclusion) bar a subsequent suit on defendant's claim absent the compulsory-counterclaim rule?
3) Will substantially the same evidence support[s] or refute plaintiff's claim as well as defendant's counterclaim?
4) **Is there any logical relationship between the claim and the counterclaim?** (Énfasis nuestro). *Iglesias v. Murual Life Ins. Co. of NewYork,* 156 F.3d 237,241 (1998)[7]; *Santiago-Sepulveda v. Esso Standard Oile Co. (Puerto Rico), Inc.,* 256 F.R.D. 39, 45 (2009). Véase, además, C. Wright, Miller and Kane, Federal Practice and Procedure, Vol. 6, Sec. 1410, págs. 52-55167(2010); *Kress Stores of Puerto Rico, Inc. v. Wal-Mart Puerto Rico, Inc.,* 121 F 4th 228,245 (2024).

Entre estos, el estándar de mayor aceptación judicial es el examen de relación lógica. Wright & Miller Federal Practice and Procedure, supra a las págs. 58-59. Bajo este examen, una reconvención será compulsoria solo si:

> [...] it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both

---

[7] Este caso fue revocado por *Global NAPS, Inc. v. Verizon New England Inc.*, 603 F.3d 71 (1st Cir. 2010) en cuanto a la determinación de jurisdicción sobre las reconvenciones permisivas.

claims, or (2) that the aggregate core of facts upon which the original claim rests activate additional legal rights in a party defendant that would otherwise remain dormant. *Santiago-Sepulveda v. Esso Standard Oile Co. (Puerto Rico), Inc.,* 256 F.R.D. a la pág. 46.

Enfrentado con una acción independiente que debió presentarse como una reconvención compulsoria en otra acción que no ha culminado, el tribunal puede paralizar sus procedimientos o desestimar para que el asunto se atienda en el foro correspondiente. Wright & Miller, *Federal Practice and Procedure,* supra, a las págs. 165-167.

IV.

Surge claramente del récord que la acción objeto de la Demanda constituye una reconvención compulsoria en la Acción Federal. Adviértase que ambas acciones tienen como detonante el despido de la Empleada. Incluso, según lo alegado por el propio Patrono, la acción aquí ejercida no existiría si no fuese porque la Empleada fue despedida. Más aún, ambas acciones involucran la controversia medular en cuanto a si el despido fue (o no) justificado. Según lo que plantea el Patrono, ello incide directamente sobre su causa de acción, pues, si el despido se considera injustificado, no se activaría la obligación de la Empleada de reembolsar el gasto reclamado. Es decir, existe una relación lógica entre la reclamación de la Empleada en la Acción Federal y la del Patrono en la Demanda.

En efecto, el acuerdo que forma la base de la Demanda establecía que la Empleada solo tendría que rembolsar los costos de la certificación si dejaba de trabajar **por razones no atribuibles a Numed**. Por tanto, la reclamación contractual de Numed depende necesariamente de determinar cuál fue la causa real del fin de la relación laboral. Esa misma determinación, si el despido fue justificado, injustificado o discriminatorio, constituye el núcleo del pleito ante la Corte Federal. Por tanto, ambas reclamaciones surgen de la misma transacción u ocurrencia, al compartir controversias fácticas y jurídicas que requieren evaluar la misma prueba.

Al tratarse la presente reclamación de un asunto que debió presentarse como reconvención compulsoria en el caso *Stephanie Guardiola v. Numed Medical Services, LLC.,* Civil núm. 3:24- CV-01508-PAD, aun tomando los hechos bien alegados como ciertos, la *Demanda* no justifica la concesión de un remedio. A pesar de que la Acción Federal no ha concluido, el TPI tenía discreción para desestimar la Demanda con el fin de evitar una multiplicidad innecesaria de acciones litigiosas.

Finalmente, no tiene mérito lo planteado por el Patrono en cuanto al alcance de la determinación en la Sentencia a los efectos de que la desestimación de la Demanda es "con perjuicio". Ello únicamente significa que el Patrono estará impedido de presentar nuevamente esta misma reclamación ante los tribunales del Estado Libre Asociado de Puerto Rico. Por el razonamiento empleado en la Sentencia, se desprende que el Patrono queda libre de intentar plantear su reclamación en el contexto de la Acción Federal. Lo que el Patrono no puede hacer es incumplir con su obligación de presentar una reconvención compulsoria en la Corte Federal pero, a la vez, pretender que dicho asunto se dilucide en los tribunales de nuestra jurisdicción. De otra forma, se burlaría la norma que le impide a un litigante presentar, lo que en realidad debe ser una reclamación compulsoria en una primera acción, en un segundo litigio, distinto y futuro.

V.

Por los fundamentos antes expuestos, se confirma la *Sentencia* apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones