MIGUEL ÁNGEL SASTRE, demandante y apelante, v. ANTONIO CABRERA RALDIRIS, demandado y apelado.

Número 10859.

*Sometido:* 8 de mayo de 1953. *Resuelto:* 1 de junio de 1953.

*Antonio Zapater Cajigas,* abogado del apelante; *Carmelo Ávila Medina* y *Ángel Luis Saavedra,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El día 16 de mayo de 1951, en la carretera que conduce de Ponce a Adjuntas, ocurrió un choque entre dos vehículos pertenecientes, respectivamente, a las partes en este litigio. El 13 de julio del mismo año, y con motivo de ese accidente, Antonio Cabrera Raldiris, radicó una demanda de daños y perjuicios contra Miguel Ángel Sastre Vicéns, en el anterior Tribunal Municipal de Puerto Rico, Sala Primera de Ponce. Antes de vencer los 10 días reglamentarios, Sastre Vicéns presentó una moción de prórroga para formular alegaciones contra la demanda. Así las cosas, el 24 de julio Sastre Vicéns radicó una demanda de daños y perjuicios, con respecto al mismo accidente, contra Cabrera Raldiris, en el anterior Tribunal de Distrito de Puerto Rico, Sección de Ponce. Este último tribunal declaró con lugar una moción de desestimación de la demanda de Sastre Vicéns, presentada por Cabrera Raldiris, resolviendo dicho tribunal que Sastre Vicéns debió haber formulado su reclamación solamente a través de una reconvención contra la demanda presentada por Cabrera Raldiris en el anterior tribunal municipal, bajo la Regla 13 (*a*) de Enjuiciamiento Civil, y que al no hacerlo así, estaba impedido de presentar una demanda independiente basada en la misma transacción o accidente. La Sección de Ponce del anterior Tribunal de Distrito dictó sentencia desestimando la demanda de Sastre Vicéns, y contra esa sentencia ha apelado este último ante este Tribunal, alegando que, bajo la Regla 13 (*a*), él podía

radicar una demanda independiente en el tribunal de distrito antes de vencerse el término para él formular su primera alegación en el pleito pendiente en el tribunal municipal.

■ La Regla 13 (*a*) dispone lo siguiente:

"(*a*) Reconvenciones Compulsorias. Una alegación hará constar, por vía de reconvención, cualquier reclamación que no esté envuelta en una acción pendiente y que el que hace la alegación tenga contra cualquier parte contraria al tiempo de presentarla, si surge de la transacción o evento que motivó la reclamación de la parte contraria y no requiere para su adjudicación la presencia de terceros sobre quienes la Corte no puede adquirir jurisdicción."

Las reconvenciones a que hace referencia la Regla 13 (*a*) son compulsorias y el no presentarlas en obediencia a los términos de la Regla 13 (*a*) impide que el demandado que dejó de presentar la reconvención presente una acción independiente basada en la misma transacción o evento que motivó la acción original, (3 Moore's *Federal Practice* 27, 28, sección 13.12, 2a. edición), ya que es aplicable, por analogía, el principio de "res-judicata" al efecto de que una sentencia es concluyente en cuanto a aquellas cuestiones que pudieron haber sido planteadas y no lo fueron. *Hancock Oil Co.* v. *Universal Oil Products Co.*, 115 F. 2d 45; *Thierfeld* v. *Postman's Fifth Ave. Corp.*, 37 F. Supp. 958; *Penn. Ry. Co.* v. *Musante-Phillips Inc.*, 42 F. Supp. 340; *Gallahar* v. *Rheman Co.*, 50 F. Supp. 655.

■■ Es indudable que Sastre Vicéns radicó su acción en el anterior Tribunal de Distrito de Ponce sin que él hubiese presentado reconvención alguna en el caso pendiente en el tribunal municipal. También es claro que las reclamaciones de ambas partes surgieron de la misma transacción o evento. La cuestión a determinar es si bajo la Regla 13 (*a*) queda prohibida una acción independiente solamente después que el demandado en el pleito original haya presentado su primera alegación, o si prohíbe tal acción independiente en cualquier momento después de ha-

berse presentado la demanda original y aún antes, después de haberse presentado la primera alegación por el demandado. El problema se refiere al alcance de la frase contenida en dicha regla, en cuanto a la necesidad de una reconvención en lo relativo a "cualquier reclamación que no esté envuelta en una acción pendiente y que el que la hace tenga contra cualquier parte contraria al tiempo de presentarla." Una corte federal indicó, en el caso de *Prudential Insurance Co.* v. *Saxe*, 134 F. 2d 16, que existía una ambigüedad en la frase arriba señalada, en cuanto a si un demandado podía radicar otra acción independiente después de haberse radicado el pleito original y antes de su contestación en ese primer pleito. En el año 1946 se aprobó una enmienda a la Regla 13 (*a*) federal a los fines de aclarar esa situación. El comité consultivo que recomendó esa enmienda informó que así lo hacía para evitar la "posibilidad indeseable" de permitir a un demandado el evitar la obligación de radicar una reconvención mediante la presentación de una acción independiente antes de vencer el término para alegar en el litigio original. La enmienda a la Regla 13 (*a*) dispuso específicamente que no había necesidad de presentar una reconvención si *al tiempo de radicarse la acción original* existía otra acción pendiente.

Es innecesario el resolver esa ambigüedad en el caso de autos, ya que las disposiciones de la Regla 13 (*a*), en tanto requieren una reconvención compulsoria, no son de aplicación a este caso. Como hemos visto, Cabrera Raldiris radicó una demanda en el anterior tribunal municipal contra Sastre Vicéns. Este último presentó, a su vez, una demanda en el anterior Tribunal de Distrito, Sección de Ponce, contra Cabrera Raldiris, solicitando una indemnización de $4,000. Todo ello ocurrió antes de la vigencia de la nueva Ley de la Judicatura (Ley núm. 11 de 24 de julio de 1952 ( (2) pág. 31). El anterior tribunal municipal carecía de poder jurisdiccional para conocer de una reclamación que envolviese esa suma. Una gran mayoría de los tri-

bunales ha establecido la regla al efecto de que, en una acción original por una cantidad dentro del poder jurisdiccional de determinado tribunal, la corte carece de jurisdicción sobre una contra-demanda o reconvención que envuelva una suma en exceso de la jurisdicción máxima estatutaria de ese tribunal. 21 C. J. S. 84, 85; *Higgins* v. *Standard Lloyds*, 149 S. W. 2d 143, 146; *Dupre* v. *Gilland*, 152 S. E. 873; *Hardy* v. *Meadows*, 264 Pac. 968; 14 Am. Jur. 416.

Antes de aprobarse las Reglas de Enjuiciamiento regía en Puerto Rico el artículo 112 de nuestro Código de Enjuiciamiento Civil, que disponía que en aquellos casos de causas de acción derivadas de la misma transacción, si el demandado dejare de proponer su reconvención, él no podría luego sostener una acción independiente contra el demandante por tal concepto. Interpretando estatutos análogos, los tribunales en los Estados Unidos han adoptado la norma de que tales disposiciones estatutarias no son aplicables a aquellos casos de reconvenciones que envuelvan una cuantía en exceso de la jurisdicción de un tribunal inferior donde se haya radicado la demanda original. Véase la anotación en 8. A. L. R. 690, 741. En el caso de *Metropolitan Casualty Ins. Co. of New York* v. *Walker*, 9 So. 2d 361, se resuelve que bajo tales circunstancias, o sea, cuando la suma envuelta en la reconvención exceda la cuantía jurisdiccional permitida a un tribunal, la reconvención no debe ser considerada como compulsoria.

Estamos conscientes de que el propósito de la Regla 13 (*a*), en cuanto a las reconvenciones compulsorias, es el de evitar una multiplicidad de litigios, el de lograr que todas las reclamaciones se ventilen y se resuelvan en un solo pleito y el de establecer un procedimiento elástico encaminado a la rápida consideración de los asuntos judiciales. *Louisville Trust Co.* v. *Glenn*, 66 F. Supp. 872; *Gallahar* v. *Rhenais Co.*, supra; *Valle* v. *Markham*, 5 F. R. D. 315; *Warren* v. *India Refining Co.*, 30 F. Supp. 281; *Madison Mercantile Products* v. *Frank Ix & Sons*, 7 F.R.D. 615; *Marks* v. *Spitz*,

4 F.R.D. 348; *Seagram Distillers Corp.* v. *Manos*, 25 F. Supp. 233. Es cierto también que a un demandado, en términos generales, no se le debe permitir el escoger su propio foro, privando a un tribunal de jurisdicción a través de una acción independiente en otro tribunal. Pero tal postulado asume que el anterior tribunal municipal, podía, en este caso, conocer, dilucidar y resolver la reclamación de Sastre Vicéns envuelta en una posible reconvención. Tal reconvención no podía plantearse ante el anterior tribunal municipal. Sería un gesto inútil, y un procedimiento académico, el obligar a Sastre Vicéns a plantear su reclamación ante un tribunal municipal que carecía de poder para dictaminar sobre ella. La Regla 13 (a) no debe ser interpretada en el sentido de exigir futilidades. El requerir la transferencia de todo el litigio y de todas las reclamaciones al anterior tribunal municipal, hoy Tribunal de Distrito implicaría, ya sea una destrucción del derecho de Sastre Vicéns a plantear su reclamación ante una corte, o una prolongación innecesaria del litigio, al desestimarse la reconvención por falta de jurisdicción. Como cuestión incidental, una sentencia en el actual Tribunal de Distrito, antes municipal, en cuanto a la reclamación de Cabrera Raldiris exclusivamente, no serviría de *"res judicata"* en cuanto a la reclamación de Sastre Vicéns, ya que ella nunca pudo plantearse ante ese tribunal.

El resultado probable de nuestro dictamen sería el de autorizar dos litigios independientes sobre la misma transacción. Pero ése es el resultado inevitable de una realidad que no podemos ignorar, cual es la falta de poder que tenía el anterior tribunal municipal para considerar ambas reclamaciones conjuntamente.

■ Ahora bien, está rigiendo en la actualidad la Ley de la Judicatura (Ley núm. 11, aprobada el 24 de julio de 1952). La sección 10 de dicha ley dispone lo siguiente:

"El Tribunal de Primera Instancia es un tribunal de jurisdicción original general, con autoridad para actuar a nombre y por la autoridad del Estado Libre Asociado de Puerto Rico, en

todo procedimiento civil o criminal según más adelante se dispone. Toda acción civil o criminal se presentará en aquella sala del tribunal situada en el territorio en que la misma hubiese sido radicada bajo la legislación en vigor hasta el presente, *pero no se desestimará ningún caso fundado en haberse sometido a una sección sin jurisdicción o autoridad o a una sala de un tribunal sin competencia para ello.* Todo caso podrá ventilarse en la sección o sala en que se radique, por convenio de las partes y la anuencia del juez que presida dicha sala en ese momento, o, de no ser así oído, será transferido por orden del juez a la sección o sala correspondiente, de conformidad con las reglas que el Tribunal Supremo adoptare." (Bastardillas nuestras.)

Uno de los propósitos de dicha sección coincide con el *desideratum* ya expresado de que todas las reclamaciones de los litigantes se resuelvan en un solo litigio. Al devolverse este caso al tribunal inferior, Miguel Ángel Sastre podría optar, si lo creyere conveniente, por formular su reclamación a través de una contrademanda en el litigio pendiente en el actual Tribunal de Distrito, Sala de Ponce, y si la otra parte, y el tribunal, no objetan, el caso podría considerarse en su totalidad, y con respecto a todas las reclamaciones de las partes, en el Tribunal de Distrito. Clark, "The New Judiciary Act of Puerto Rico", 61 Yale L. J. 1147, 1157.

*No siendo aplicable la Regla 13(a) a este caso, debe ser revocada la sentencia apelada, debiendo devolverse el caso al tribunal sentenciador para que siga aquellos procedimientos que no sean incompatibles con esta opinión.*