Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ANGÉLICA OPPENHEIMER CONCEPCIÓN<br><br>Parte Apelante<br><br><br>v.<br><br><br><br>AMILCAR JOSÉ ROSADO TORRES<br><br>Parte Apelada | TA2026AP00180 | *APELACIÓN procedente* del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV02248<br><br>Sobre: Acción Declarativa de Simulación Contractual; Incumplimiento de Contrato; Cancelación de Inscripción Registral; Daños |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente.

**S E N T E N C I A**

En San Juan, Puerto Rico, a 22 de abril de 2026.

Comparece ante nos Angélica Oppenheimer Concepción (en adelante, "Oppenheimer Concepción" o "apelante") y nos solicita que revoquemos la *Sentencia Parcial* emitida el 5 de enero de 2026, notificada el día 8 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de desestimación de la reconvención, promovida por Oppenheimer Concepción, en cuanto al reclamo de titularidad sobre el inmueble y el reclamo de daños y angustias mentales, y desestimó sin perjuicio la reclamación sobre los otros conceptos incluidos. En su consecuencia, ordenó su réplica en cuanto a las causas

de acción mantenidas, incoadas por Amilcar José Rosado Torres (en adelante, "Rosado Torres" o "apelado").

Por los fundamentos que exponemos a continuación, se **modifica parcialmente** la *Sentencia Parcial* apelada, y **desestimamos** la Reconvención promovida, en cuanto a los daños emocionales alegados por tener que defenderse del pleito de epígrafe.

**-I-**

El 5 de mayo de 2025, Oppenheimer Concepción presentó una *Demanda*[1] en contra de Rosado Torres, sobre acción declarativa de simulación contractual, incumplimiento de contrato, cancelación de inscripción registral y daños. Alegó que en enero de 2016, adquirió una propiedad inmueble en el Municipio de Bayamón, con un préstamo hipotecario a favor de Banco Popular de Puerto Rico ("BPPR"). Alegó que, ya que no cualificaba para dicho préstamo, adquirió el inmueble a nombre de Rosado Torres, quien actuó como testaferro. Adujo que en ese momento ella y Rosado Torres eran pareja consensual y acordaron que, una vez Oppenheimer Concepción pudiese cualificar para un préstamo hipotecario, otorgarían una escritura de cesión de derecho para que el inmueble estuviese a nombre de Oppenheimer Concepción.

En agosto de 2016, las partes se casaron bajo el régimen de total separación de bienes y procrearon una hija, nacida en abril de 2017. En enero de 2025, las partes decidieron divorciarse. Oppenheimer Concepción alegó que Rosado Torres abandonó el inmueble y ella se quedó residiendo en la propiedad junto a sus hijos.

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

Arguyó que acordaron divorciarse por consentimiento mutuo y que en febrero de 2025, Rosado Torres le envió un "Acuerdo de Divorcio por Mutuo Consentimiento", mediante el cual le propuso que realizara las gestiones necesarias para refinanciar el inmueble y traspasar la titularidad a su nombre.

Sostuvo que en marzo de 2025, Rosado Torres presentó ante el Tribunal de Primera Instancia una demanda de divorcio por ruptura irreparable, en la que reclamó por primera vez ser el titular exclusivo del inmueble. Oppenheimer Concepción alegó que ella pagó fiel y regularmente el pago hipotecario, excepto durante los meses en que Rosado Torres comenzó un "basic training" luego de enlistarse en el *Army,* en enero de 2023. Ello, ya que el *Army* le proveyó una cantidad de dinero para pagar su renta. Adujo que hubo una simulación en los sujetos del contrato, ya que la verdadera relación jurídica se estableció entre ella y el vendedor, y la escritura de hipoteca entre ella y el acreedor hipotecario. Además, alegó que hubo incumplimiento de contrato, ya que Rosado Torres se comprometió a traspasar la titularidad del inmueble y ahora se niega a cumplir.

EL 29 de julio de 2025, Rosado Torres presentó su *Contestación a la Demanda y Reconvención*[2] en la que alegó que no es y nunca ha sido testaferro de Oppenheimer Concepción, y que compró la propiedad para vivirla y disfrutarla. Arguyó que él siempre hizo los pagos de la residencia desde su cuenta bancaria y Oppenheimer Concepción solo aportaba a gastos comunes de la

---

[2] Entrada #11 del SUMAC TPI.

residencia. Como Reconvención, alegó que Oppenheimer Concepción se hizo cirugías estéticas, tratamientos, viajes y gastos médicos personales con la promesa de reembolsarlos, aproximadamente de $15,000.00, que nunca reembolsó.

Alegó además, que preparó su residencia con calentadores solares, aire acondicionado, cisternas, placas solares y muebles, además de una piscina que hizo a un costo de $12,000.00 y arreglos al techo de $9,000.00. Sostuvo que la única razón por la que Oppenheimer Concepción presentó la *Demanda* de autos fue para traer el asunto de la titularidad de la casa falsamente en su contestación a la demanda de divorcio, y así hacer la reclamación de hogar seguro. Alegó, también, que al tener que defenderse de un pleito con alegaciones falsas, esto lo ha privado del sueño, causando daños de $5,000.00.

El 28 de agosto de 2025, Oppenheimer Concepción presentó una *Solicitud de Desestimación de Reconvención*[3] en la que alegó que los párrafos incluidos en la Reconvención no constituyen una causa de acción ofensiva, sino meras defensas afirmativas dirigidas a impugnar su reclamación. Sostuvo que los señalamientos que sí pretenden ser una reconvención, deben ser clasificados como reconvenciones permisibles, ya que no surgen del mismo acto, omisión o evento, y deben ser desestimados sin perjuicio para que Rosado Torres los someta en otro procedimiento y en otro momento. Además, alegó que el único remedio que no corresponde a una reconvención permisible es el reclamo de $5,000.00 por

---

[3] Entrada #15 del SUMAC TPI.

daños emocionales debido a la presentación de la *Demanda* y que es jurídicamente improcedente, ya que la Regla 44.1 de Procedimiento Civil faculta al Tribunal a imponer costas y honorarios por temeridad si se determina que la reclamación fue frívola.

Transcurrido el término concedido sin expresión de Rosado Torres, el TPI dictó una *Sentencia Parcial*[4], en la que declaró *Ha Lugar* la *Solicitud de Desestimación de Reconvención* y desestimó la reconvención en su totalidad sin perjuicio.

El 20 de octubre de 2025, Rosado Torres presentó una *Moción Solicitando Reconsideración*[5] en la que sostuvo que el foro primario pretirió órdenes de mostrar causa y apercibimientos de consecuencias, y que pasó directamente a desestimar el caso. Alegó que el incumplimiento fue involuntario por asuntos de alta confidencialidad. Por entender la confidencialidad del asunto, es inmeritorio esbozar las razones aquí.

Por su parte, Oppenheimer Concepción se opuso a la moción de reconsideración.[6] El 27 de octubre de 2025, el foro de instancia emitió una *Resolución Ha Lugar*[7], en la que dejó sin efecto la sentencia parcial y concedió un término de diez (10) días para Rosado Torres presentar una oposición en lo méritos a la solicitud de desestimación.

Así las cosas, el 4 de noviembre de 2025, Rosado Torres presentó su *Moción en Cumplimiento de Orden*[8] y alegó que, ya que Oppenheimer Concepción reclamó daños

---

[4] Entrada #20 del SUMAC TPI.
[5] Entrada #21 del SUMAC TPI.
[6] Entrada #22 del SUMAC TPI.
[7] Entrada #25 del SUMAC TPI.
[8] Entrada #26 del SUMAC TPI.

emocionales, abrió la puerta para este reclamar los daños emocionales que ha sufrido, así como los daños a su crédito y los daños sufridos al tener que defenderse de las acciones falsas presentadas en su contra.

El 17 de noviembre de 2025, Oppenheimer Concepción presentó su *Oposición a Moción en Cumplimiento de Orden*[9] en la que alegó que el escrito de Rosado Torres no expone ningún fundamento en derecho que sostenga la procedencia de su reconvención, ni justifica por qué sus reclamaciones, de naturaleza patrimonial y propias de un eventual pleito de liquidación de comunidad de bienes, deban ventilarse dentro de este procedimiento. Alegó que el escrito de Rosado Torres no discute contenido específico de sus reclamaciones, sino que se limita a mencionarlas de forma genérica, sin detallar su naturaleza ni fundamento.

El 5 de enero de 2026, notificada el día 8, el foro de instancia emitió la *Sentencia Parcial*[10] que hoy nos ocupa. Declaró *No Ha Lugar* la solicitud de desestimación de la reconvención en cuanto al reclamo de titularidad sobre el inmueble y el reclamo de daños y angustias mentales, y desestimó sin perjuicio la reclamación sobre los otros conceptos incluidos. Concluyó que la reconvención incluye una causa de acción por daños emocionales y angustias mentales producto de las actuaciones de Oppenheimer Concepción en relación a la presentación del presente pleito y el reclamo en general de la titularidad sobre el inmueble. Expresó que tanto en la *Demanda* como en la *Reconvención* la causa de acción

---

[9] Entrada #28 del SUMAC TPI.
[10] Entrada #32 del SUMAC TPI.

por daños es contingente a la adjudicación del reclamo de titularidad y, si se desestimara la reconvención en su totalidad, y Oppenheimer Concepción no prevalece en su reclamo de titularidad, Rosado Torres quedaría desprovisto de mecanismo procesal para reclamar sus daños. Concluyó ello, ya que en las circunstancias de este caso, el reclamo de daños en relación a la controversia sobre titularidad del inmueble constituye una reconvención compulsoria que no podría ser compensado por vía de honorarios por temeridad. Concedió un término de veinte (20) días a Oppenheimer Concepción para replicar a la reconvención en cuanto a las causas de acción mantenidas.

El 19 de febrero de 2026, la apelante acudió ante nos por medio de una *Apelación* y señaló el siguiente error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN, AL DICTAR SENTENCIA PARCIAL EL 5 DE ENERO DE 2026, AL NO DESESTIMAR LA RECONVENCIÓN DEL SR. ROSADO TORRES EN CUANTO AL RECLAMO DE DAÑOS EMOCIONALES Y ANGUSTIAS MENTALES ALEGADAMENTE DERIVADOS DE LA MERA RADICACIÓN DEL PRESENTE PLEITO, LO CUAL NO CONSTITUYE UNA CAUSA DE ACCIÓN RECONOCIDA EN NUESTRO ORDENAMIENTO JURÍDICO.**

Alegó que en nuestra jurisdicción no se reconoce la existencia de una acción civil de daños y perjuicios como consecuencia de la mera presentación de un pleito civil. Sostuvo que ello no deja a las partes sin remedio, pues el uso indebido de los procedimientos judiciales se sanciona dentro del mismo pleito, por medio de la condena en costas y honorarios de abogado. Alegó que el Tribunal Supremo ha reconocido únicamente, a manera de excepción, la procedencia de una acción civil de daños por persecución maliciosa, cuando concurren circunstancias

extremas. Sostuvo que esta excepción es extraordinaria, restrictiva y solo viable a futuro, una vez culminado el pleito y cumplidos estrictamente sus requisitos. Alegó que del texto de la reconvención se desprende que el reclamo de daños emocionales no se fundamenta en un acto ilícito independiente o extrajudicial, sino en las consecuencias alegadamente sufridas como resultado de la apelante instar el pleito y de la necesidad de defenderse de las alegaciones formuladas en su contra.

Transcurrido el término concedido a la parte apelada mediante *Resolución* del 20 de febrero de 2026, sin que dicha parte haya presentado su alegato en oposición, procedemos a resolver la controversia sin el beneficio de su comparecencia.

## -II-

La reconvención es el mecanismo disponible para una parte que pretende presentar una reclamación contra otra parte adversa.[11] Se ha destacado que existen dos (2) tipos de reconvenciones: las permisibles y las compulsorias.[12] Dicha Regla 11.1[13] define la reconvención compulsoria como:

> […]cualquier reclamación que la parte que la formula tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, de la omisión o del evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción.
>
> […]

---

[11] Regla 11 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.
[12] *Consejo Titulares v. Gómez Estremera et al*, 184 DPR 407, 423-424 (2012); *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 332 (2010).
[13] *Supra*.

Sin embargo, la misma Regla provee que "no será necesario incluir esa reclamación mediante reconvención, si al momento de comenzarse el pleito tal reclamación era ya objeto de otro pleito pendiente".[14]

Con respecto a las reconvenciones compulsorias, es norma establecida que se tienen que presentar al momento en que la parte notifique su contestación.[15] Si no se formulan a tiempo, "se renuncia la causa de acción que la motiva, y quedarán totalmente adjudicados los hechos y reclamaciones sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos".[16] En ese caso, aplicará por analogía el principio de cosa juzgada, siendo concluyente con relación a aquellos asuntos que pudieron haber sido planteados y no lo fueron.[17] Con ello, se pretende evitar la multiplicidad de litigios al crear un mecanismo en el que se diluciden todas las controversias comunes en una sola acción.[18]

Una reclamación se considera como una reconvención compulsoria:

> […](1) si existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; (2) *cu[a]ndo los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto*; (3) si las cuestiones de hecho y de derecho entre ambas son las mismas; (4) si la doctrina de *res judicata* impediría una acción independiente; y (5) si ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente.[19]

---

[14] *Íd.*
[15] *Neca Mortg. Corp v. A&W Dev. S.E.,* 137 DPR 860, 866 (1995).
[16] *Íd.,* pág. 867.
[17] *Íd., citando a Sastre v. Cabrera*, 75 DPR 1, (1953).
[18] *S.L.G. Font Bardón v. Mini-Warehouse*, *supra*, pág. 333, citando a *Neca Mortg. Corp v. A&W Dev. S.E.*, *supra*, pág. 867.
[19] *Consejo Titulares v. Gómez Estremera et al.*, *supra*, págs. 424-425, citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 3ra ed., San Juan, Ed. LexisNexis de Puerto Rico, Inc., 2007, pág. 218. [Énfasis en el original].

Por otra parte, las reconvenciones permisibles son aquellas reclamaciones que no surgen del mismo acto, omisión o evento que motivó la reclamación de la parte contra la que se presenta.[20] A diferencia de la reconvención compulsoria, la reconvención permisible podría instarse en un pleito independiente, siempre que sea oportuna, sin temor de que se desestime por ser cosa juzgada.

Mediante el mecanismo de la reconvención, la parte demandada "puede disminuir o derrotar la reclamación de la parte adversa y también puede reclamar un remedio por cantidad mayor o de naturaleza diferente al solicitado en la alegación de la parte adversa".[21]

Además, la Regla 11.5[22] establece que "[c]uando la parte que presente una alegación deje de formular una reconvención por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia, dicha parte podrá, con el permiso del tribunal, formular la reconvención mediante una enmienda".

No obstante lo anterior, el Tribunal Supremo de Puerto Rico, en numerosas ocasiones, ha reiterado la doctrina de que "en nuestra jurisdicción **no se reconoce** la existencia de la acción en daños y perjuicios como consecuencia de un pleito civil".[23] De ordinario, la "sanción judicial por el uso indebido de los procedimientos legales se traduce en la condena en costas y honorarios de abogado […] dentro del mismo pleito".[24]

---

[20] Regla 11.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.2.
[21] Regla 11.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.3.
[22] Regla 11.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.5.
[23] *García v. E.L.A.*, 163 DPR 800, 810 (2005); *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91 (1992).(Énfasis Nuestro)
[24] *Giménez Álvarez*, *supra*, a la pág. 97, citando a *Pereira v. Hernández*, 83 DPR 160, 164-165 (1961).

Por excepción, se permite una acción en daños y perjuicios por persecución maliciosa "cuando los hechos del caso revelan circunstancias extremas en que se acosa al demandante con pleitos [civiles o criminales] injustificados e instituidos maliciosamente".[25] En estos casos, de forma excepcional, la acción por persecución maliciosa podrá prosperar si se demuestra que ocurrió lo siguiente:

> (1) que una acción civil fue iniciada, o un proceso criminal instituido, por el demandado o a instancias de [e]ste; (2) que la acción, o la causa, terminó de modo favorable para el demandante; (3) que fue seguida maliciosamente y sin que existiera causa probable; y (4) que el demandante sufrió daños y perjuicios como consecuencia de ello.[26]

**-III-**

La parte apelante, en su único señalamiento de error, plantea que incidió el foro primario al no desestimar la Reconvención promovida por el apelado, en cuanto al reclamo de daños emocionales y angustias mentales, alegadamente derivados de la mera radicación del pleito. Aduce que ello no constituye una causa de acción reconocida en nuestro ordenamiento jurídico. Tiene razón.

Una reconvención, en términos simples, es una demanda que entabla la parte demandada contra quien promovió el juicio, en el momento de contestar la demanda. Estas reconvenciones permiten traer a un mismo pleito causas de acción, ya sea que surjan del mismo acto, omisión o evento que motivó la reclamación original, o acciones de naturaleza distinta. Ello, con

---

[25] *Íd.*

[26] *Giménez Álvarez*, *supra*, a la pág. 96, citando a *Fonseca v. Oyola*, 77 DPR 525, 528 (1954).

el propósito de disminuir o derrotar la reclamación de la parte adversa, o por economía procesal.

Ahora bien, lo que no se permite es promover una acción civil de daños y perjuicios como consecuencia de la presentación de un pleito civil. No está permitido por medio de una reconvención ni de ninguna otra manera. O sea, una parte no puede reclamar daños por el mero hecho de una parte adversa haber presentado en su contra una demanda. Ello precisamente es lo que intenta realizar el aquí apelado.

En este caso, el apelado alega, en el inciso #43 de su Reconvención, que "al tener que defenderse de un pleito con alegaciones falsas, esto lo ha privado del sueño, causando da[ñ]os de $5,000.00."[27] Ciertamente, al mantener dicha alegación, el foro primario mantiene viva una acción que no está reconocida en nuestro ordenamiento jurídico. Todo lo contrario. Nuestro Más Alto Foro ha sido enfático, en numerosas ocasiones, en que dicha causa de acción no existe en nuestra jurisdicción. No se trata de que la causa de acción por daños es contingente a la adjudicación del reclamo de titularidad, sino que lo que alega el apelado son daños por tener que defenderse de un pleito presentado en su contra. Y dicha causa de acción no existe en nuestro ordenamiento jurídico. Ciertamente es improcedente dicha reclamación en contra de la apelante.

Por lo que, el reclamo de daños emocionales y angustias mentales derivados de la mera presentación del caso de epígrafe debe ser **desestimado.**

---

[27] Pág. #4 de la Entrada #11 del SUMAC TPI.

### -IV-

Por los fundamentos antes expuestos, se **modifica parcialmente** la *Sentencia Parcial* apelada y se **desestima** la Reconvención en cuanto al reclamo de daños y angustias relacionado con la presentación del pleito.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones